UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEVEL DEVELOPMENT CORP., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   No. 3:10cv820 (MRK) |
| | : |
| GIUSEPPE N. PISANI, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF DECISION**

Plaintiff Level Development Corp., the owner of a fifty-six acre parcel of land in Waterbury, Connecticut, has alleged that five members of Waterbury's Zoning Commission and Waterbury's City Planner violated its rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983. The alleged violations all stem from a zoning change in 2009 in which a portion of Level's property long used as a quarry was changed from industrial to residential use. In addition to a class-of-one equal protection claim, Level claims that Defendants acted arbitrarily and capriciously both in their rezoning decision and in their refusal to recognize quarrying as a prior nonconforming use of the property.

Currently pending before the Court is Defendants' Motion for Summary Judgment [doc. # 62], in which they claim that all three of Level's counts fail as a matter of law and, further, that Defendants in their individual capacities are all protected by legislative and qualified immunity. Level responds that there is a genuine issue of material fact regarding its class-of-one equal protection claim and that summary judgment on that count must therefore be denied. And though it did not move for summary judgment, Level now claims that it is entitled to summary judgment on its due process claims.

1

For the reasons that follow, the Court finds that Level's class-of-one equal protection claim fails as a matter of law; that Defendants, in their individual capacities, are protected by legislatively immunity; and that the Connecticut state court currently hearing Level's zoning appeal should be given the opportunity to decide whether Defendants have acted in an arbitrary and capricious manner. Thus, as described more fully below, Defendants' Motion for Summary Judgment [doc. # 62] is GRANTED IN PART AND DENIED IN PART, and what remains of this case shall be stayed pending the outcome of Level's state court zoning appeal.

## I.

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record, *see* Fed. R. Civ. P. 56(c), and it must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).

The moving parties—here, Defendants—bear the burden of demonstrating that no genuine issue exists as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Brown*, 654 F.3d at 358 (quotation marks omitted).

This case is somewhat unusual in that the non-moving party, Level, now claims that it is entitled to summary judgment on its second and third counts even though it never filed a summary judgment motion. While this is not explicitly authorized under Rule 56 of the *Federal Rules of Civil Procedure*, the Second Circuit has said that

> [w]here it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a *sua sponte* grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law.

*Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996). Summary judgment should not be granted to the non-moving party unless it is clear that "following the procedures set out in Rule 56 would not alter the outcome." *Id.*

The Court does not need to sort out such procedural complexities at this time, however, because the counts on which Level seeks summary judgment concern the issues on which the Court will defer, as described below, to the state court that is presently hearing Level's zoning appeal.

## II.

Hardly any of the material facts in this case are in dispute. Where they are, the Court has considered them in the light most favorable to Level, the non-moving party. *See Holcomb*, 521 F.3d at 137.

This case concerns the zoning of the eastern half of a fifty-six acre property on Sheffield Street in Waterbury, which Level Development acquired from its president, John Hychko, in 2006. Mr. Hychko had owned the property since the 1950s. Quarrying operations have been carried out on site since at least 1944.

Waterbury's first zoning ordinance was enacted in 1928, at which point Level's property was zoned residential. This changed in 1990, when the property was rezoned from "Low Density Residential" ("RL") to "General Industrial" ("IG") at Mr. Hychko's request. In 2006, Waterbury advised Level that a special permit was needed in order to operate a quarry in an IG zone. When Level failed to obtain a special permit, Waterbury, on August 27, 2007, issued an order directing Level to cease quarrying operations on the property. Level filed a special permit application with the Waterbury Zoning Commission on October 30, 2007; this application was denied as incomplete on April 23, 2008. Level filed an administrative appeal of the denial, but it was dismissed by the Waterbury Superior Court on August 28, 2009.

In the meantime, the Zoning Commission had begun a proposed rezoning that would change Level's property back to RL. The rezoning was considered as part of a broader Plan of Conservation and Development for City of Waterbury. However, both the City Plan Commission and an ad hoc Land Use Regulatory Revision Project Advisory Committee ("LURRPAC") ultimately advised against rezoning Level's property, though neither recommendation was binding on the Zoning Commission.

Level knew of the proposed zone change and participated in hearings in which the change was discussed. However, it did not resubmit a special permit application during this period. On August 26, 2009, the Zoning Commission voted to change the eastern half of Level's property to residential. Quarrying is not allowed in an RL zone, even with a special permit, unless the activity qualifies as a prior nonconforming use.

On September 22, 2009, after the rezoning decision was made, Level filed another special permit application. At a Zoning Commission meeting the following month, Defendant James Sequin, Waterbury's City Planner, stated that he could not certify that Level's quarrying operations were a prior nonconforming use, as would be required for the Commission to reach the merits of Level's special permit application. On Mr. Sequin's recommendation, the Commission left the public hearing open to given Level a chance to show that its quarrying qualified as a prior nonconforming use. On January 27, 2010, finding that Level hadn't made this showing, the Commission denied Level's special permit application.

Level has appealed the Commission's 2009 rezoning decision to the Waterbury Superior Court, where its case remains pending. In the state court action, Level argues, as here, that the Zoning Commission's decision to rezone Level's property from IG to RL was arbitrary and capricious and that it extinguished Level's vested right to a nonconforming use of the property. Level also argues in state court, though not in the present case, that Waterbury's rezoning in 2009 constituted an unconstitutional taking.

In this Court, though not in state court, Level asserts that Waterbury's Zoning Commission violated the Constitution's Equal Protection Clause by intentionally treating Level differently from others other who are similarly situated to it.

### III.

A plaintiff bringing what is called a "class-of-one" equal protection claim must show that it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Showing someone to be "similarly situated" is no easy task: the Second Circuit has held that "the standard for determining whether another person's circumstances are similar to the plaintiff's must be . . . whether they are 'prima facie identical.'" *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) (quoting *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)), *abrogated on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008).

> [T]o succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

*Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). A district court "may grant summary judgment in a defendant's favor on the basis of lack of similarity of situation . . . where no reasonable jury could find that the persons to whom the plaintiff compares itself are similarly situated." *Id*.

Level's Second Amended Complaint [doc. # 45] identifies seven similarly situated comparators. More recently, *see* Loc. R. 56(a)(2) Statement [doc. # 65], Ex. A (Michael Hychko Aff.), Level has claimed just two similarly situated comparators: Anthony Cocchiola and General Stone Co., the latter of which was not among those named in the Complaint.

Michael Hychko's affidavit states that General Stone and Anthony Cocchiola, like Level, both have property, bordering a residential zone, on which drilling, blasting, and crushing of rock

for resale occurs. *See id.* Mr. Hychko also states that neither of the proposed comparators had obtained a special permit as of 2008.

Based on this information alone, no jury could find that Level, General Stone, and Anthony Cocchiola were "prima facie identical." Level has provided no evidence at all as to whether either of the comparators filled out a special permit application, whether it was complete or, like Level's, incomplete, or whether any enforcement action was taken against them, as it was against Level. Evidence on the record suggests that Cocchiola excavated in order to put up a commercial building in the near future; Level's development plans are far more uncertain—as they have been for the many decades in which quarrying has continued on the property. *See* Defs.' Mot. for Summ. J. [doc. # 62-3] Ex. B (John Hychko Dep.) at 61-70. Level has provided no evidence at all regarding the quarrying activities on General Stone's property.

Instead of pointing to the similarities between Level and its proposed comparators, Level's brief on this issue lingers instead on the ways in which Level's quarry is "atypical," "peculiar," and "*sui generis*." Mem. in Opp. [doc. # 64] at 19-20. Yet without a similarly situated comparator—much less any evidence in the record of intentional discrimination by Defendants—Level's class-of-one equal protection claim must fail as a matter of law. Defendants are thus entitled to summary judgment as to Count One of Level's Second Amended Complaint [doc. # 45].

### IV.

Defendants have claimed that they are protected from liability in their personal capacities under the doctrine of legislative immunity. As the Second Circuit has held, "[i]t is uncontroversial that legislative immunity may bar claims for money damages brought against state and local officials in their personal capacities." *State Emps. Bargaining Agent Coal. v.*

*Rowland*, 494 F.3d 71, 82 (2d Cir. 2007). Further, this immunity shields not just legislators, "but also officials in the executive . . . branches when they are acting 'in a legislative capacity.'" *Id.* (quoting *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998)).

Level itself has claimed in its Second Amended Complaint that "[w]hen effecting a change in zone . . . the [Zoning] Commission acts through its Members in a legislative capacity." Second Am. Compl. [doc. # 45] ¶ 45. Defendants on the Zoning Commission are therefore protected by legislative immunity for the 2009 rezoning. *See S. Lyme Prop. Owners Ass'n, Inc. v. Town of Old Lyme*, 539 F. Supp. 2d 547, 558 (D. Conn. 2008). Because Defendant James Sequin's participation in the rezoning was an "integral step in the legislative process," *see Bogan*, 523 U.S. at 55, he too is protected under the legislative immunity doctrine. Thus, Defendants are granted summary judgment in regard to all claims made against them in their individual capacities. They remain in this case solely in their official capacities.

## V.

The issues not yet addressed are all ones that Level has previously raised in its zoning appeal, still pending in the Connecticut Superior Court in Waterbury. In its state court litigation, Level alleges that the 2009 rezoning of its property was arbitrary and capricious and that it arbitrarily deprived Level of its vested property interest in a prior nonconforming use of its land.

Because these claims were filed in state court before being brought in this Court; because they implicate important state interests and concern zoning, a matter of traditionally local concern; because an injunction or declaratory judgment by this Court would interfere with the ongoing state proceedings; and because the proceedings in Superior Court, with one exception discussed below, provide Level an adequate opportunity for review of its due process claims, the Court finds that comity and judicial efficiency would best be served by deferring to the

Connecticut Superior Court and awaiting its resolution of these claims. *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

The Court's abstention on these issues is informed by the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), and its many descendants. But while those cases focus primarily on situations in which federal courts are to *dismiss* claims that would interfere with pending state proceedings, the Second Circuit has clarified that "abstention and dismissal are inappropriate when damages are sought." *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000). In such cases, "the federal suit should be stayed, rather than dismissed, if the money damages sought could not be obtained in the pending state proceeding, even if the money damages sought could be obtained in a separate state proceeding." *Id.* As the Supreme Court has noted, staying the case "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *Deakins v. Monaghan*, 484 U.S. 193, 202-03 (1988) (quotation marks omitted).

Heeding this advice, the Court will stay this case pending the outcome of Level's zoning appeal in the Waterbury Superior Court. Depending on the outcome of that appeal, Level may be able to return to this Court to pursue any monetary damages not available to it in the state court proceeding. In the meantime, the Court denies without prejudice Defendants'—and Level's—request for summary judgment as to Level's second and third counts.

## VI.

In summary, Defendants' Motion for Summary Judgment [doc. # 62] is GRANTED as to Count One of Level's Second Amended Complaint [doc. # 45], and DENIED without prejudice as to Counts Two and Three. Level's claims against Defendants in their individual capacities are

dismissed. What remain are Level's claims that Defendants, in their official capacity, acted arbitrarily and capriciously in rezoning Level's property and in failing to recognize quarrying as a prior nonconforming use. Since these claims are currently before the Connecticut Superior Court in the context of Level's zoning appeal, the Court orders that this case be stayed pending the state court's decision. The parties are ordered to file a joint status report, with a copy of the Superior Court's opinion attached, no more than two weeks after that opinion is issued.

**IT IS SO ORDERED.**

  /s/  Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: June 25, 2012.**